The opinion of the Court was delivered by
Gibson J.
Notwithstanding our reluctance to reverse where there has been a trial on the merits, we are constrained to say this declaration cannot be sustained. There is no consideration for the promise stated. An agreement between the parties is set out, by which it appears the plaintiff was to deliver to the defendant a certain number of cattle to be pastured and fattened at a certain price : there is then an averment, that the plaintiff promised to pay. It is then further stated, that the agreement being assented to by bothj>arties, the cattle were “ afterwards, to wit, on the day and year before mentioned,” delivered to the defendant, who “ then and there” promised, that he would fatten and pasture them, and would well and truly perform the agreement on his part. Both the promise of the plaintiff and the circumstance of his having intrusted the defendant with the fattening and care of the cattle, were good considerations for a promise by the latter: but it should have been expressly laid, as made in consideration of one or both. Here the moving cause is not set forth, nothing being stated but the naked fact of the promise itself, without saying whether it were on any, or what consideration. Not only the contract itself, but the consideration, which is the material cause of it, should be distinctly set out, in order that the Court may judge of it. But even if the promise of the plaintiff had been expressed as the consideration, still the declaration would be ill, on account of the order in which the several parts of the transaction are stated to have happened: for mutual promises to give a ground of action, must be both made at the same instant of time; and a promise made in consideration of a previous promise by the other side, is nudum pactum. In Livingston v. Rogers, 1 Caines’ Rep. 584, where the declaration stated the agreement to deliver and receive certain shares of bank stock, and that in consideration, that the plaintiff had at the defendant’s *362 request promised to perform his párt, the defendant often-wards, to wit, on the same day promised to perform his part, the subsequent promise was held to be nudum pactum. In the present instance, the promise is stated to have been made after the cattle were actually delivered to the defendant, in pursuance of the plaintiff’s previous promise, and the original agreement. But be this as it may, the omitting to state a consideration renders the promise void ; and consequently the defect is not cured by the verdict. It is otherwise with respect to the exception, that there is no averment, that the plaintiff permitted the cattle to remain with the defendant a sufficient length of time to enable him to fatten them : this is a mere circumstance collateral to the cause of action, and after verdict it will be intended to have been shewn at the trial. As to the objection, that it does not appear the plaintiff had performed his part of the agreement, I am of opinion is not necessary. Mutual promises to be performed at the same time are not mutual conditions, and the party suing need not aver performance. In an action,of assumpsit on an agreement, where in consideration that the plaintiff agreed to deliver the defendant a cow, he promised to give the plaintiff fifty shillings; it was held, the plaintiff need not aver the delivery of the cow, for it was promise for promise. Nicholas v. Rainbred, Hob. 88. The same principle is to be found in Martindale v. Fisher, 1 Wils. 88. Seers v. Fowler, 2 Johns. Rep. 272. Havens v. Bush, 2 Johns. Rep. 387. The remaining exception is not founded in fact, as there is in truth but one promise stated in the declaration. The judgment must be reversed.
S- Levy, for the defendant in error,
then moved for a v'e-' nire facias de novo: but the Court refused it.
Judgment reversed.